UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL HAWKINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2341-X |
| | § | |
| THE UNITED STATES OF AMERICA | § | |
| d/b/a THE UNITED STATES POSTAL | § | |
| SERVICE, | § | |
| | § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's (the "Government") motion to strike Plaintiff Earl Hawkins's (Hawkins) designation of non-retained experts. (Doc. 31).  Having fully considered the motion, the Court **GRANTS IN PART** the motion for the reasons below.  The Court **ORDERS** Hawkins to supplement his expert designations within fourteen (14) days of this Order to comply with Federal Rule of Civil Procedure 26(a)(2)(C) as explained in this Opinion.

## I.    Factual Background

On or around November 15, 2022, Hawkins alleges that while he was stopped at a red light a United States Postal Service employee hit his vehicle from behind causing him severe injuries.  Hawkins brought this suit against the Government under the Federal Tort Claims Act.

Hawkins filed his expert designations identifying one retained expert and multiple non-retained experts.  His list of non-retained experts identifies over twenty

individuals but included a catch-all for essentially all employees of eleven separate providers with the same boilerplate description of the subject matter and general substance of the witness's testimony directing the Government to "the records from this healthcare provider for more detailed information."[1]

The Government now seeks to strike Hawkins's designation of non-retained experts and to exclude these experts from testifying at trial. The Government contends that Hawkins's expert designations fail to comply with the basic requirements of Federal Rule of Civil Procedure 26(a)(2)(C) making it "impossible for [The United States of America] to conduct meaningful, cost-effective discovery into what opinions might actually be offered . . . at trial."[2]

Hawkins concedes that disclosing unnamed witnesses fails to comply with the governing rule but argues that his description of each non-retained witness's opinions and facts adequately complies with the rule. Regardless, Hawkins argues that any error in his expert disclosures is harmless error which can be easily cured.

## II.    Legal Standard

Federal Rule of Civil Procedure 26(a)(2) governs disclosures of expert testimony.[3]    Rule 26(a)(2) splits experts into two buckets: retained[4] and

---

[1] Doc. 27 at 3–7.

[2] Doc. 31 at 6.

[3] FED. R. CIV. P. 26(a)(2).

[4] Rule 26(a)(2)(B) states that a written report is required if "the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving  expert testimony."

non-retained.[5]  Non-retained experts are not required to provide a written report but the disclosure must state:

> (i)    the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>
> (ii)   a summary of the facts and opinions to which the witness is expected to testify.[6]

Courts have interpreted a "summary of the facts and opinions" requirement as:

> [A] brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case. A mere statement of the topics or their opinions is insufficient . . .  a summary of facts supporting those opinions under Rule 26(a)(2)(C) means a brief account of facts—only those on which the expert actually relied in forming his or her opinions—that states the main points derived from a larger body of information; merely stating the topic matters of facts relied upon does not suffice. Similarly, it does not suffice to reference large bodies of material as sources of facts, without stating a brief account of the main points from those large bodies of materials on which the expert relies.[7]

Rule 26(a)(2)(C) is intended to give the opposing party notice of a non-retained expert's anticipated testimony so it can effectively prepare for trial.[8]

---

[5] Rule 26(a)(2)(C) sets disclosure requirements for non-retained experts—those not hired specifically to testify and whose regular job duties do not involve expert testimony.

[6] FED. R. CIV. P. 26(a)(2)(C).

[7] *Little Hocking Water Ass'n. v. E.I. DuPont de Nemours & Co.,* No. 2:09-CV-1081, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015). *See also Erving v. Dall. Hous. Auth.,* No. 3:16-CV-1091-L, 2018 WL 4409797, at *14 (N.D. Tex. Sept. 17, 2018) (Lindsay, J.) (finding a disclosure was deficient because it "provides only general topics of testimony, rather than an actual summary of the facts and opinions to which each designated expert witness is expected to testify"); *Knighton v. Lawrence*, No. SA-14-CV-718-XR, 2016 WL 4250484, at *2 (W.D. Tex. Aug. 9, 2016) (noting that the disclosure must briefly state the opinions of the expert and "the opinions must state a view or judgment regarding a matter that affects the outcome of the case"); *Carr v. Montgomery Cnty*, No. H-13-2795, 2015 WL 5838862, at *3 (S.D. Tex. Oct. 7, 2015) (criticizing disclosure that stated experts had opinions but failed to provide any indications of what the opinions were or the particular facts the experts relied upon).

[8] *Hoover v. U.S. Dep't of the Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980).

Federal Rule of Civil Procedure 37(c)(1) provides that a party who fails to properly disclose a witness "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[9]    In evaluating whether a violation of Rule 26 is substantially justified or harmless, courts look to four factors: "(1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose."[10]

## III.    Analysis

The Court finds that Hawkins failed to properly designate his non-retained experts, but Hawkins can cure the deficiency.

### A. Hawkins failed to properly designate his non-retained witnesses.

Hawkins failed to comply with Federal Rule of Civil Procedure 26(a)(2)(C) by (1) listing unnamed individuals and (2) providing unsatisfactory descriptions of the testimony to be provided.

Hawkins's first flaw is his designation of unnamed experts—which he concedes violates Rule 26(a)(2)(C).[11]  Because this deficiency is undisputed, the Court turns to the next defect in Hawkins's expert disclosures.

To properly designate a non-retained expert, a party must provide the name of the expert, the subject matter that the expert is expected to testify on, and a summary

---

[9] FED. R. CIV. P. 37(c)(1).

[10] *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

[11] Doc. 36 at 6.

of the opinions and facts that the expert is expected to testify on.[12]  "A summary of opinions means a brief account of the main opinions of the expert, and that the opinions must state a view or judgment regarding a matter that affects the outcome of the case."[13]  A mere "topic of testimony" is not enough.[14]

In *Open Cheer and Dance Championship Series, LLC v. Varsity Spirit, LLC*, Judge Kacsmaryk struck the expert disclosures of a party who "merely cop[ied] and paste[d] the same paragraphs" for each non-retained expert, resulting in duplicative disclosures that failed to provide sufficient detail regarding each expert's opinions and the factual bases supporting them.[15]  Here, Hawkins's expert disclosures suffer the same flaw.  Hawkins provided the Government with largely boilerplate disclosures that fail to identify "a view or judgment regarding a matter that affects the outcome of the case"[16] or present a specific account of facts on which the expert relies.[17]

Hawkins's disclosures do little more than confirm what anyone could infer without a summary—that the medical experts will testify on injuries allegedly suffered by Hawkins that gave rise to his claim.  Although Hawkins argues that he adequately referred the Government to his medical records, the Court finds this

---

[12] FED. R. CIV. P. 26(a)(2)(C).

[13] No. 2:23-CV-155-Z, 2025 WL 2053286, at *7 (N.D. Tex. July 21, 2025) (Kacsmaryk, J.) (cleaned up).

[14] *Id.* at *8.

[15] *Id.*

[16] *See Knighton*, 2016 WL 4250484, at *2–3.

[17] *Id.* at *2.

minimal direction insufficient because it requires the Government and the Court to sift through more than 2,000 pages of medical records to divine the experts' opinions and their factual bases.[18]

Therefore, the Court finds that Hawkins has not properly disclosed his non-retained experts as required by Rule 26(a)(2)(C).

### B.    Any prejudice to the Government may be cured.

Hawkins's failure to properly disclose his non-retained witnesses as required by Rule 26(a)(2)(C) may be cured through supplementation of his expert disclosures and a continuance of the trial date.

The Court must evaluate whether Hawkins's error was "substantially justified or harmless"—which the district court has broad discretion in deciding.[19]  Witness exclusion "is not mandatory or automatic," and constitutes "a harsh penalty and should be used sparingly."[20]  The Court evaluates the four *harmless* factors enumerated above.

First, Hawkins states his non-retained experts are extremely important in this matter because their testimony is needed to prove injury and causation.[21]  Thus this factor weighs in favor of Hawkins.

Second, the Government would certainly be prejudiced if an undisclosed amount of Hawkins's purported non-retained experts could testify as experts based

---

[18] Doc. 40 at 6.

[19] *Open Cheer & Dance Championship Series, LLC*, 2025 WL 2053286, at *8.

[20] *Id.* (cleaned up).

[21] Doc. 36 at 14.

6

on the unparticularized information in Hawkins's expert disclosures.  The purpose of requiring a summary of facts and opinions is to allow the opposing party to effectively prepare for trial.[22]  To determine the opinions and facts relied on by even the eleven named witnesses, the Government would be required to comb through thousands of pages of medical records before it could meaningfully prepare for trial.  Hawkins argues that "[t]he records regarding Plaintiff's treatment are not huge.  The course of Plaintiff's treatment is easy to follow after even a short review."[23]  However, the Court is not convinced.  Referring an opposing party to stacks of medical records is not an adequate way of fulfilling the designation requirements of Rule 26(a)(2)(C).  However, because Hawkins is not adding witnesses to his expert disclosures and is clarifying where the relevant medical records can be found, the Government will not be required to rebut any *new* evidence just *buried* evidence.  So the second factor weighs in favor of the Government.

Third, curing the prejudice to the Government would require Hawkins to thoroughly supplement the summary section of his expert disclosures.

In *Galvez v. KLLM Transport Services, LLC*, Judge Fitzwater found that a continuance of the discovery period, deadline to designate any contravening expert witnesses and trial date could cure any prejudice faced by the party who received deficient expert disclosures.[24]  Here, discovery has closed, the Government has filed a partial motion for summary judgment, and the trial is mere months away.  But,

---

[22] *Hoover*, 611 F.2d at 1142.

[23] Doc. 36 at 5.

[24] 575 F. Supp. 3d 748, 758–59 (N.D. Tex. Dec. 16, 2021) (Fitzwater, S.J.).

Hawkins has expressed a desire to cure his deficiencies and stated that he has no intention of calling any person as a witness that was not expressly listed in his previous expert disclosures.[25]

Yet, the Government asserts any continuance would be unfair absent reopening discovery to allow it to research and depose these non-retained experts given that the records fail to clearly support the causal connection between the accident and the cascade of injuries Hawkins alleges in this case.[26]

The Court finds that a limited cure is appropriate under the circumstances. Hawkins's supplementation of his expert disclosures shall be limited to the previously disclosed individuals and must specifically identify the medical records on which each non-retained expert may rely. The Court is not persuaded that discovery must be reopened for an extended period to permit numerous depositions, particularly where the Government did not depose Hawkins or any of the disclosed retained or non-retained witnesses during the discovery period. Additionally, the Government did not file responsive expert designations or disclosures despite receiving a continuance, granted at its request, after Hawkins served his deficient expert designations.[27]

But because the Court finds that an opportunity to cure is warranted here, the Court will grant a continuance of the trial through a forthcoming amended scheduling

---

[25] Doc. 36 at 5.

[26] Doc. 40 at 9–10.

[27] Docs. 28, 29.

order to allow the Government additional time to review Hawkins's supplemental disclosures and the relevant records. All in all, this factor cuts in favor of Hawkins.

Fourth, Hawkins maintains that he had a good faith belief that his disclosures were sufficient, agrees that his unnamed non-retained witnesses violate the governing rule, and alleges that had he been put on notice of the deficiency in a timely manner he would have immediately cured the disclosures. The Court finds his explanation as to the deficiency in the descriptions of the non-retained experts—although self-serving and not well supported by case law—was not in bad faith. Further, Hawkins has expressed a willingness to cure any deficiencies identified by the Court. Therefore, the fourth and final factor weighs in favor of Hawkins.

***

Considering the four factors holistically,[28] and noting the inquiry leans more in favor of Hawkins than the Government, the Court declines to exclude the named non-retained experts from testifying at trial. But, the Court prohibits Hawkins from designating the unnamed, catch-all category of employees identified in his disclosure as non-retained experts.

The Court **ORDERS** Hawkins to supplement his expert disclosures to comply with Rule 26(a)(2)(C), as set forth in this Order. The Court finds that this "less severe remedy will largely cure any prejudice that defendants suffered due to [Plaintiffs']

---

[28] *Hoffman v. L&M Arts*, No. 3:10-CV-0953-D, 2013 WL 81578, at *3 (N.D. Tex. Jan. 8, 2013) (Fitzwater, J.).

9

noncompliance."[29]  Hawkins must file his supplemental disclosures within fourteen (14) days of the date of this Order.

## IV.    Conclusion

For the foregoing reasons, the Court **GRANTS IN PART** the Government's motion to strike and **ORDERS** Hawkins to supplement his expert designations within fourteen (14) days of this Order.

**IT IS SO ORDERED** this 1st day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[29] *Galvez*, 575 F. Supp. 3d at 758.

10