UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EARL HAWKINS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 3:24-CV-2341-X |
| | § | |
| THE UNITED STATES OF | § | |
| AMERICA d/b/a THE UNITED | § | |
| STATES POSTAL SERVICE, | § | |
| | § | |
| *Defendant.* | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is the Government's partial motion for summary judgment. (Doc. 32). Summary judgment is appropriate only where the pleadings and evidence show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] After reviewing the briefing and relevant law, a genuine dispute of material fact remain such that summary judgment is inappropriate here.[2]

The Government simultaneously moved to strike Hawkins's experts witnesses and for partial summary judgment.[3] It argued that Hawkins's expert disclosures were deficient and should be struck and that, without expert testimony, Hawkins should take nothing in future medical expenses, and the Court should limit the issues

---

[1] FED. R. CIV. P. 56(a).

[2] *Id.*

[3] Docs. 31, 32.

at trial to any injuries in the immediate aftermath of the accident.[4]  The Court agreed that the disclosures were deficient but declined to strike Hawkins's experts, instead, ordering him to cure the deficiencies.[5]  Hawkins has since done so.[6]

Because Hawkins has experts to opine on his damages, there remain genuine disputes of material fact as to the cause of Hawkins's injuries and his need for future medical care.  Those issues are for the trier of fact to decide.  Accordingly, partial summary judgment is not warranted, and the Court **DENIES** the motion.

**IT IS SO ORDERED** this 22nd day of June, 2026.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] Doc. 33.

[5] Doc. 49.

[6] Doc. 50.